**FILED**
**Nov 24, 2020**
**07:11 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **TINA LEMONS,** | ) | **Docket Number: 2019-02-0313** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ELWOOD STAFFING SERVICES,** | ) | **State File Number: 20525-2019** |
| **INC.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **ZURICH AMERICAN INSURANCE** | ) | **Judge Brian K. Addington** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

Tina Lemons alleged she injured her hand after a job change required her to use it in an awkward fashion. She sought benefits, which Elwood Staffing denied. For the reasons below, the Court holds she is not likely to prevail at a hearing on the merits in her request for benefits because she did not prove the cause of her injury.

### Claim History

Ms. Lemons worked for Elwood as a line worker at the John Deere plant. She worked nine hours screwing in deck covers on February 16, which was different from her normal work. She noticed pain in her hand that day and reported her injury to a John Deere representative the next day. When the pain persisted, a plant nurse contacted Elwood to arrange for Ms. Lemons to see a doctor. Elwood provided a panel, and Ms. Lemons saw Dr. Bruce Berry. Ms. Lemons denied she chose Dr. Berry from the panel.

On March 19, she attended an appointment with Nurse Practitioner Marsh Mantemarano. NP Mantemarano noted that Ms. Lemons's injury was not considered work-related based on her history and believed she could return to work without restrictions. Dr. Berry reviewed and approved her recommendations, thereby denying Ms. Lemons further treatment through workers' compensation.

1

After learning that Elwood denied further treatment, Ms. Lemons scheduled an exam with Dr. Billy Parsley, an orthopedic surgeon. She saw Dr. Parsley on April 26, and in his office note he wrote that "she has not had any injury that she is aware of." Dr. Parsley performed trigger-release surgery on May 9.

Ms. Lemons returned to Dr. Parsley on May 26, and he wrote that he did not think she was ready to resume full activity at work, and because of this he would complete her short-term disability paperwork. He further noted: "The patient reports that she suffered injury to that finger at work and was seen at urgent care for that, prior to being referred to see me for it. With this documentation following the injury, I believe the trigger finger is likely related to her injury."

Dr. Parsley completed a slip on July 1, allowing Ms. Lemons to return to work on July 8 without restrictions. Ms. Lemons testified she received a separation notice from Elwood stating she resigned on May 8, but she denied quitting.

In August 2020, Ms. Lemons asked Dr. Parsley to clarify his opinion on the work-relatedness of her injury. He stated: "This letter is in regard to the question whether the patient's injury to the right middle finger was related to the work injury. . . To that end I would concur that her problem was related to her injury."

Ms. Lemons requested temporary disability benefits for May 9 through July 8, 2019, and payment for past medical benefits with Dr. Parsley. Elwood disputed that Ms. Lemons rebutted the presumption of correctness allotted to Dr. Berry's opinion, and therefore she was not entitled to benefits.

**Findings of Fact and Conclusions of Law**

Ms. Lemons must show she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To do so, she must present evidence that she suffered an injury "arising primarily out of and in the course and scope of employment" and "identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A). Ms. Lemons's case is unique, in that she alleged an injury after working one stressful shift. Since she did not suffer an obvious injury, she must present medical proof to prove the work-relatedness of her claim. *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008).

Although Ms. Lemons asserted repetitive motions caused her injury, she failed to provide sufficient medical evidence linking her injury to her employment. The medical record adopted by Dr. Berry states that she did not suffer a work-related injury. Ms. Lemons

2

argued that she never chose Dr. Berry, however, she signed the physician panel and attended the appointment at his office. His opinion is presumed correct on the issue of causation. Tenn. Code Ann. § 50-6-102 (12)(A)(ii).

Ms. Lemons offered Dr. Parsley's opinion to counter Dr. Berry's. However, Dr. Parsley did not affirmatively state that Ms. Lemons suffered an injury arising primarily out of and in the course and scope of her employment as required by Tennessee Code Annotated section 50-6-102(14)(A). Rather, he stated on two separate occasions that her injury was merely "related." These statements are insufficient to overcome the presumption given to Dr. Berry's opinion and do not reach the standard of "primarily caused" by a work injury that the Workers' Compensation Law requires.

Considering all the evidence, the Court holds Ms. Lemons is not likely to succeed at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Lemons's request for benefits is denied at this time.

2. This case is set for a Status Hearing on **January 15, 2021, at 3:30 p.m. Eastern Time**. The parties must call **855-543-5044** to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED November 24, 2020.**


_____
/s/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Ms. Lemons's affidavit
2. First Report of Injury
3. Wage Statement
4. Choice of Physician Form
5. Employer's offer of modified duty
6. Notice of Controversy
7. Refusal of Medical Treatment
8. Employer's Collective Exhibit-Records with Table of Contents
9. Medical Note of Dr. B.K. Parsley

3

10. Medical Bills (Identification only)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Notice of Appearance
4. Expedited Hearing Order
5. Request for Expedited Hearing
6. Employer's Response to Employee's Second Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on November 24, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Tina Lemons, Employee | X | | X | 7758 Asheville Highway Greeneville, TN 37743 collinstina3232@yahoo.com |
| David Deming, Employer's Attorney | | | X | ddeming@manierherod.com dstevens@manierherod.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation

www.tn.gov/workforce/injuries-at-work/

wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*